
FILED
DEC 0 3 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD BRIAN MARTIN, JR., )
)
      Plaintiff, )
) Case: 1:18-mc-00187
v. ) Assigned To : Unassigned
) Assign. Date : 12/3/2018
OFFICER MATT LYNCH, *et al.*, ) Description: Misc.
)
      Defendants. )

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff is attempting to file a criminal complaint for "private prosecution," alleging that defendants committed perjury pursuant to Md. Code. Ann. § 9-101 and 18 U.S.C. § 1621. Compl. at caption, 2–4. He seeks to serve as his own prosecutor and believes that he has the right to do so under the First Amendment, however, he is mistaken. *Id.* at caption, 1. There is no private right to action under the criminal statutes on which he relies. *Id.* at 2–4; *see Fuller v. Unknown Official from Justice Dep't*, No. 10-0438, 2010 WL 1005798 at *1 (D.D.C. Mar. 16, 2010) (citing *Isbell v. Stewart & Stevenson, Ltd.*, 9 F. Supp. 2d 731, 734 (S.D. Tex. 1998) (finding that "there is no basis under [18 U.S.C. §§ 1621 and 1623] for any private right of action") and *Ebbing v. Butler County, Ohio*, No. 1:09–CV–00039, 2010 WL 596470, at *5 (S.D. Ohio Feb. 16, 2010) (affirming magistrate judge's recommendation to deny a motion to amend the complaint where plaintiff

sought to add claims that defendant violated 18 U.S.C. § 1621, among others, because there was no private right of action under those criminal statutes)).

For the same reasons, plaintiff cannot bring a civil action on the basis of defendants' alleged violation of state criminal statutes.[1] *See Jackson v. Harris*, No. RDB-17-373, 2017 WL 655397 at *1, *3 (D. Md. Feb. 16, 2017) (holding that plaintiff failed to state a claim by relying on federal and Maryland criminal statutes, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1)). The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If plaintiff seeks to pursue criminal charges, he must bring his complaint to the U.S. Attorney's Office. *See* 5 U.S.C.§ 301; 28 U.S.C. § 547; 23 D.C. Code § 101(c).

As such, the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: November 3, 2018

---

[1] Nor has plaintiff provided enough information to establish his citizenship and diversity subject jurisdiction, *see Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006), or to warrant a discussion of "choice of law." *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Gaither v. Myers*, 404 F.2d 216, 222–4 (D.C. Cir. 1968).